# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION LCA; THE CATHOLIC INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>SYLVIA M. BURWELL, Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; THOMAS E. PEREZ, Secretary of the United States Department of Labor; UNITED STATES DEPARTMENT OF LABOR; JACOB J. LEW, Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY<br><br>Defendants. | Civil Case No. 5:14-cv-00685-R |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION REGARDING PROCEDURAL ISSUES AND MODIFICATION OF TEMPORARY RESTRAINING ORDER

Plaintiffs' Unopposed Motion Regarding Procedural Issues and Modification of Temporary Restraining Order is granted as follows:

1. Plaintiffs motion to convert the Court's July 1 temporary restraining order to a permanent restraining order is deemed withdrawn without prejudice. Defendants need not respond to plaintiffs' motion to convert.

2004988752_1

2.  Plaintiffs shall file a first amended complaint no later than October 2.

3.  Plaintiffs shall file a motion for preliminary injunction no later than October 2. Defendants shall file their response within 21 days in accordance with LCvR 7.1(g). Plaintiffs shall file a reply 10 days later. Plaintiffs' reply may be the larger of 10 pages or one-half the length of the government's response. The Court will then determine if an oral argument is necessary.

4.  The Court ORDERS that Defendants, their agents, officers, and employees, and all others in active concert or participation with them, are temporarily restrained from:

    a.  Enforcing the CASC Mandate against Plaintiffs and the CBA's members that join the CBA any time after July 1, 2014 and on or before this Court's ruling on the motion for preliminary injunction so long as those members meet the same criteria for CBA membership as those protected by this Court's July 1 temporary restraining order ("Post-July 1 CBA Members");

    b.  Charging or assessing taxes, penalties, or other burdens against the Post-July 1 CBA Members for failure to pay for, provide, or directly or indirectly facilitate access to CASC services; and

    c.  Enforcing any mandate for insurers or third party administrators to provide CASC services to Post-July 1 CBA Members' employees or health plan beneficiaries or otherwise interfering with the Post-July 1 CBA Members' relationships with their insurers or third party administrators and with these

members' attempts to arrange or contract for morally compliant health or stop-loss coverage or related services for their employees and members.

Paragraph 4 of this order extends only until this Court rules on the motion for preliminary injunction and will thereafter be replaced by that ruling.

The government has waived no arguments because of this order or because their cooperation with this orderly process for addressing issues in this case. This Court issues this order based on all the circumstances of the case. Any differences between paragraph 4 of this order and the Court's July 1, 2014 temporary restraining order should not be construed as an expression of the Court's views with regard to those changes.

Dated this 24th day of September 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE